UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MAURICE COLE, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:14-cv-0318-TWP-DKL |
| | ) |
| TRENH, COLEMAN, T. EDMONDS, | ) |
| | ) |
| Defendants. | |

**Entry Discussing Complaint, Dismissing Insufficient Claims,
And Directing Service of Process**

Plaintiff Maurice Cole is currently an inmate confined at the Westville Correctional Facility. He filed an amended complaint on September 2, 2014, pursuant to 42 U.S.C. § 1983, alleging that his Constitutional rights were violated by the defendants when they allegedly assaulted him and denied him medical care. He names the following Defendants: 1) Sergeant Trenh; 2) Officer Coleman; and, 3) Officer T. Edmonds, (collectively the "Defendants").

Because the Cole is a "prisoner" as defined by 28 U.S.C. § 1915(h), the court must screen his amended complaint as required by 28 U.S.C. § 1915A. Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock*, 127 S. Ct. 910, 921 (2007). A complaint falls within this category if it "alleg[es] facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008).

To survive dismissal under federal pleadings standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Merely alleging legal theories without supporting factual allegations is not sufficient. *Id.* ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement.") (internal quotations omitted). Pro se complaints such as that filed by Cole are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n. 2 (7th Cir. 2008).

Liberally construing his claims, the Court finds that Cole is suing under 42 U.S.C. § 1983 alleging that he was the victim of the excessive use of force, and of the denial of constitutionally required medical care for the injuries he suffered as a result of the force used against him. The events occurred while Cole was confined at the Plainfield Correctional Facility.

The excessive force claim against Sergeant Trenh, Officer Coleman and Officer Edmonds **may proceed**.

The denial of medical care claim **is dismissed**. Cole fails to allege any facts that the named Defendants were involved in the denial of any medical care. The complaint fails to state a claim in this regard.

The clerk **is directed** to update the docket to remove the Indiana Department of Correction as a defendant.

No partial final judgment shall issue at this time as to the claims resolved in this Entry.

**The clerk** is designated pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to the defendants in the manner specified by Rule 4(d)(1). Process shall consist of the complaint, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

IT IS SO ORDERED:

Date: 9/5/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Maurice Cole, # 113947
Westville Correctional Facility
Inmate Mail/Parcels
5501 South 1100 West
Westville, Indiana 46391

Sergeant Trehn
Plainfield Correctional Facility
727 Moon Road
Plainfield, Indiana 46168

Officer Coleman
Plainfield Correctional Facility
727 Moon Road
Plainfield, Indiana 46168

Officer T. Edmonds
Plainfield Correctional Facility
727 Moon Road
Plainfield, Indiana 46168

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.