UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MAURICE COLE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 1:14-cv-0318-TWP-DKL ) |
| TRENH, COLEMAN, T. EDMONDS, | ) ) ) |
| Defendants. | |

**Entry Granting Motion for Summary Judgment
and Directing Entry of Final Judgment**

This matter is before the Court on the Motion for Summary Judgment (Dkt. 21) filed by Defendants Trenh ("Sgt. Trenh"), Coleman ("Officer Coleman"), and T. Edmonds ("Officer Edmonds") (collectively "Defendants"). Plaintiff Maurice Cole ("Mr. Cole"), an inmate at the Westville Correctional Facility, brings this lawsuit pursuant to 42 U.S.C. § 1983 alleging the Defendants assaulted him. Defendants assert that this action should be dismissed because Mr. Cole failed to exhaust his administrative remedies prior to filing this action as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997 ("PLRA"). This affirmative defense must be resolved before reaching the merits of Mr. Cole's claims. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008).

**I. Standard of Review**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* The Court views the facts in the light most favorable to the non-

moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

On a motion for summary judgment, the burden rests with the moving party to demonstrate "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). After the moving party demonstrates the absence of a genuine issue for trial, the responsibility shifts to the non-movant to "go beyond the pleadings" and point to evidence of a genuine factual dispute precluding summary judgment. *Id*. at 322-23. "If the non-movant does not come forward with evidence that would reasonably permit the finder of fact to find in h[is] favor on a material question, then the court must enter summary judgment against h[im]." *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994)(citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986).

## II. Discussion

*A. Undisputed Facts*

Mr. Cole filed an Amended Complaint on September 2, 2014, pursuant to 42 U.S.C. § 1983 alleging the Defendants assaulted him while they were escorting him to segregation on January 16, 2014. Mr. Cole submitted three informal grievances on January 27, 2014, and one on January 28, 2007, complaining that Sgt. Trenh and Officer Coleman rammed his head and face into the wall multiple times while escorting him to segregation, [Filing No. 24-1, at ECF p. 1; Filing No. 24-2], that Officer Edmonds kicked Mr. Cole's legs causing him to fall, [Filing No. 24-3 at ECF p. 1], and that his property was missing after he was placed in segregation. [Filing No. 24-4 at ECF p. 1], respectively.

The Westville Correctional Facility has a grievance procedure. The procedure is set forth in the Indiana Department of Correction Manual of Policies and Procedures, Offender Grievance

Process, No. 00-02-301. Upon arrival to the facility, each inmate is advised of the offender grievance process during orientation. [Filing No. 21-2, at ECF p. 7]. Each inmate is also provided with a copy of the Offender Orientation Handbook which includes the offender grievance process. [Filing No. 21-2, at ECF p. 7].

According to this Manual, the grievance process includes an informal complaint, a formal complaint, and a formal appeal. [Filing No. 21-2, at ECF p. 5]. All of these steps must be completed for an inmate to be considered as having exhausted his administrative remedies. The actions of individual staff are matters subject to the grievance process. [Filing No. 21-2, at ECF p. 5].

An informal complaint must be filed within 5 working days from the date of the incident unless the offender can provide a reasonable explanation for the delay. [Filing No. 21-2, at ECF p. 15]. Failure of the offender to attempt to resolve the complaint informally may result in a grievance form being rejected. Here, the incident of excessive force that is the subject of Mr. Cole's complaint occurred on January 16, 2014. [Filing No. 9, at ECF p. 1].

*B. Exhaustion of Administrative Remedies*

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a). *See Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The exhaustion requirement of the PLRA is one of "proper exhaustion" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 84 (2006). This means that the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including

deadlines, as a precondition to bringing suit in federal court." *Id.* at 84; *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004)("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'")(quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

Defendants have shown that Mr. Cole did not exhaust his available administrative remedies as required by the PLRA. Mr. Cole submitted an informal grievance in this matter, however it was not timely because it was not filed within five working days. The incidents of excessive force that is the subject of Mr. Cole's Amended Complaint all occurred on January 16, 2014. [Filing No. 9, at ECF p. 1]. Mr. Cole submitted his informal grievances on January 27 and 28, 2014, eleven and twelve days later.

In his response in opposition to summary judgment, Mr. Cole argues that he was thwarted in his attempt to grieve the incident because no one responded to his complaint at the informal level. [Filing No. 24, at ECF p. 1-2]. He attached as exhibits to his response in opposition informal grievance forms that were submitted on January 27 and 28, 2014, for incidents that all occurred on January 16, 2014. [Filing No. 24-1, at ECF p. 1; Filing No. 24-2; Filing No. 24-3 at ECF p. 1; Filing No. 24-4 at ECF p. 1]. Mr. Cole does not argue, or even address the defendants' argument that the informal grievance forms were not timely submitted, and does not provide any explanation for the delay. The informal grievance forms Mr. Cole submitted reveal they were not submitted within the five day time frame required by the offender grievance process.

The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). For an offender to exhaust properly, he must comply with a prison's deadlines and other procedural rules. *Woodford*, 548 U.S. at 90-91. It is not enough that Mr. Cole submitted informal grievance forms that he argues were ignored. He must have

submitted them within the five day time frame set out in the offender grievance process. The language of 42 U.S.C. § 1997e(a) is clear: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies are available are exhausted." Mr. Cole failed to exhaust his available administrative remedies with regard to his claim in this case. The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Mr. Cole's claims should not have been brought and must now be dismissed without prejudice. *See Pozo*, 286 F.3d at 1024 (explaining that "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating"); *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004)("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.").

### III. Conclusion

The defendants' Motion for Summary Judgment (Dkt. 21) is **GRANTED and the matter is dismissed without prejudice.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: ____2/19/2015_____

_Tanya Walton Pratt_
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Maurice Cole, # 113947
Westville Correctional Facility
Electronic Service Participant
Court Only

Electronically registered counsel