# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| MAURICE COLE, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:14-cv-0318-TWP-DKL |
| | ) |
| TRENH, COLEMAN, T. EDMONDS, | ) |
| | ) |
| Defendants. | |

**Entry Denying Motion to Alter or Amend Judgment**

The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1988). Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact' or 'present[s] newly discovered evidence.'" *Souter v. International Union*, 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)).

Relief through a Rule 59(e) motion for reconsideration is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca,* 545 F.3d 582, 584 (7th Cir. 2008). A Rule 59(e) motion may be used "to draw the district court's attention to a manifest error of law or fact or to newly discovered evidence." *United States v. Resnick,* 594 F.3d 562, 568 (7th Cir. 2010). A "manifest error" means "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000).

There was no manifest error of law or fact in this case. *See* dkt. 28. The court did not misapprehend the facts in this action, nor did it misapply the law to those facts in finding that summary judgment for the defendants was required. Accordingly, the motion to reconsider [Dkt. 30] **is DENIED**.

**IT IS SO ORDERED.**

Date: 4/6/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Maurice Cole, # 113947
Westville Correctional Facility
Electronic Service Participant
Court Only

Electronically registered counsel